## PEOPLE ex rel. STEPHENS v. BOARD OF SUP'RS OF NASSAU COUNTY.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

TAXES—VOID SALES—RIGHTS OF PURCHASER—REFUNDMENT OF PURCHASE MONEY.

Tax Law (Laws 1896, p. 835, c. 908) § 122, in connection with section 157, p. 850, authorizes the county treasurer to bid in for the state all land liable to be sold at a tax sale held by him, and to sell and assign the certificate on payment of the tax, with interest, within a year from sale. Sections 153 and 154 (Laws 1896, p. 849, c. 908) authorize a conveyance to the purchaser of property sold for taxes and not redeemed, and give the purchaser the right to remove the occupant from the premises after the expiration of the period of redemption. Section 155 provides that, where the purchaser is unable to obtain possession because of some irregularity in the tax proceedings, the supervisors shall refund the purchase money so paid. *Held,* that one who takes an assignment of a certificate from the county treasurer under a mistaken theory that it is necessary to protect a supposed interest in the property is entitled, after the assessment has been declared void, to refundment by the county supervisors of the money paid by him for the certificate.

Proceeding by the people, on the relation of Melvin Stephens, to review the audit by the board of supervisors of Nassau county disallowing a claim presented by relator. Determination of respondents annulled, and proceeding remitted for proper audit.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, RICH, and MILLER, JJ.

W. Martin Jones, for relator.

Halstead Soudder, for respondents.

WOODWARD, J.   The assessors of the town of Hempstead in the years 1898, 1899, and 1900 assessed certain taxes against the Long Beach Hotel & Cottage Company; and, these taxes remaining unpaid, the county treasurer of Nassau county advertised the same for sale, and, there being no bidders, the same were struck off to the county. This sale took place on the 17th day of December, 1902, and the owners had one year in which to redeem such property. The relator, who claimed to have an interest in such property, just before the expiration of the time to redeem, demanded of the county treasurer an assignment of the certificate of sale—

"For the sole purpose of protecting my interest in said property; and please take notice that, on the payment by me this day of the sum of thirteen thousand, four hundred sixty-two and 25/100 dollars ($13,462.25), for an assignment of said certificate of sale, I make said payment under protest on the ground that said sale and assessments were illegal and were not authorized by law and that in the event of the same being hereafter so declared by any court of competent jurisdiction, I will look to the county of Nassau for the return of said money with interest thereon from the date hereof together with any damages I may suffer by reason thereof."

The county treasurer thereupon assigned the certificate of sale to the relator, who paid over the amount above set forth; and subsequently it was determined that the town of Hempstead was the owner of the premises involved, and that the tax was not, therefore, a lien upon the same. The relator thereupon presented a verified claim to the board of supervisors of Nassau county for the return of the money which he had paid for the certificate of sale, and that body took the claim under consideration, and voted to reject the same, upon the ground that it had no legal right to pay the claim. The question of the legal right of the board to refund the money paid by the relator for the certificate of sale is under review here, it not being claimed that there is any lack of a moral obligation to do so.

There is no doubt, it would seem, that the county treasurer had the right to bid in the lands at the sale, if they were properly assessed (see sections 122 and 157 of the tax law, Laws 1896, pp. 835, 850, c. 908), and that he had the right to assign such certificate (section 122) at any time before the expiration of the time for redemption; and the purchaser of such certificate would stand in exactly the same position of any other purchaser at the tax sale. If we are correct in this, the purchaser of the certificate would be entitled to a conveyance upon the expiration of the period for redemption (section 153, p. 849, of the tax law), and be entitled to.

"possess and enjoy for his own use the real estate described in such conveyance, unless redeemed as herein provided, and after the expiration of the time to redeem the same, may cause the occupant of such real estate to be removed therefrom" (section 154). This being the right of the relator, as the purchaser of the certificate —assuming it to have been based upon a valid assessment of the premises—it is difficult to understand why he is not entitled to the provisions of section 155, p. 849, of the tax law, which provides that:

"Whenever any purchaser under such sale shall be unable to regain possession of the real estate purchased by him by reason of error or irregularity in the assessment or levying of a tax, or in proceedings for the collection thereof, the board of supervisors of the county shall refund the purchase money so paid, with interest upon the same, being presented and audited as other county charges, and such moneys shall be charged over to the tax district where the irregularity arose."

This would clearly have been the right of the relator if he had appeared at the tax sale and purchased the premises at such sale, and his rights can hardly be less because he purchased the certificate of the county treasurer after the sale under a mistaken theory that this was necessary to protect some supposed interest in the property. The assessment was void on which the whole transaction was based, and we discover no reason, in law in equity or in justice, why the relator should not be given the relief which he demands.

The prayer of the relator should be granted, and the board of supervisors directed to audit and pay his claim as presented, with costs of this proceeding. All concur.